Timothy C. STRICKLAND, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–504C.

United States Court of Federal Claims.

Oct. 2, 1996.

Opinion Denying Reconsideration
Oct. 23, 1996.

Robert E. Bergman, Warner Robins, GA, for plaintiff.

Thomas O. Mason, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen, Director, and James M. Kinsella, Assistant Director, Washington, DC, for defendant.

## OPINION

ROBINSON, Judge:

This military pay case is before the court on defendant's motion to dismiss, or in the alternative, for judgment upon the administrative record and plaintiff's cross-motion for summary judgment.

Plaintiff, Mr. Timothy C. Strickland, was a Technical Sergeant in the United States Air Force with over twenty years of active military service at the time of his honorable discharge. Plaintiff was required to retire because he had not been promoted to Master Sergeant prior to twenty years of active service. Plaintiff contends that his discharge was unlawful and seeks restoration to active duty, promotion to the rank of Master Sergeant and Senior Master Sergeant, and back pay. Defendant argues that this court cannot adjudicate this claim because the issue is nonjusticiable in that the military has discretion in deciding whether to promote a service member. In the alternative, defendant argues that plaintiff is entitled only to judgment upon the administrative record because the Air Force Board for Correction of Military Record's ("AFBCMR") decision denying plaintiff relief was not arbitrary, capricious, or contrary to law or regulation.

The issues were fully briefed. Defendant's motion was filed January 2, 1996, and plaintiff responded to this motion on March 19, 1996. Defendant filed a reply to plaintiff's response on April 26, 1996. Oral argument is unnecessary. For the reasons that follow, the court grants defendant's motion and denies plaintiff's cross-motion.

### Background

In July and August of 1990, plaintiff was serving on active duty in the Air Force in the grade of Technical Sergeant and was assigned to perform duties at Kunsan Air Base, Republic of Korea. Plaintiff received an Enlisted Performance Report ("EPR") for the

period of November 21, 1989, through August 31, 1990 ("1990 EPR"), for his performance at Kunsan Air Base. Plaintiff's EPR came as the result of a change of his reporting official ("CRO"). In this case, the CRO was due to plaintiff's rater changing duties. The Air Force regulations define "rater" as "[t]he person designated according to AFM 30–130 ... to provide periodic performance feedback when required and to prepare an enlisted performance report (EPR) when required. The rater is usually the ratee's immediate supervisor." *Air Force Regulation* ("AFR") 39–62, para. 2–22 (parenthetical omitted); *Administrative Record* ("A.R."), vol. I at 57. The closeout date of plaintiff's EPR is presumed to be the day before the effective date of the change of rater's duties.[1] A.R., vol. I at 5. Plaintiff's 1990 EPR reflected performance evaluations and promotion recommendations by his rater, indorser, and commander. A.R., vol. I at 16–17.

In the 1990 EPR, plaintiff's rater was Senior Master Sergeant ("SMSgt.") Daniel R. Treiber. SMSgt. Treiber rated plaintiff for promotion purposes as a "3" on a scale of "1" to "5". Command Senior Master Sergeant ("CMSgt.") Kenneth Smillie, SMSgt. Treiber's supervisor at the time of the 1990 EPR, served as plaintiff's indorser and rated plaintiff as a "3". Lieutenant Colonel William C. McCammon, plaintiff's commander, concurred with the ratings given by the rater and indorser. A.R., vol. I at 16–17.

On June 14, 1993, plaintiff applied to the Air Force Board for Correction of Military Records ("AFBCMR") requesting that the AFBCMR remove his 1990 EPR from his records, alleging that his 1990 EPR was prepared in an untimely manner and that he was rated by the wrong indorser. A.R., vol. I at 13. Plaintiff also requested a hearing before the AFBCMR. In formulating its decision, the AFBCMR relied upon an advisory opinion dated October 21, 1993. A.R., vol. I at 9–12, 31–32. Plaintiff was allowed to comment on the advisory opinion. A.R., vol. I at 43. On December 9, 1993, the AFBCMR denied plaintiff's application without a hearing. A.R., vol. I at 9–12.

The "High Year Tenure" policy of the Air Force requires enlisted members who have not reached the rank of Master Sergeant by their twentieth year in the Air Force to retire. As a result of the High Tenure policy, plaintiff retired from active duty in the Air Force on January 1, 1994. A.R., vol. I at 10.

On January 14, 1994, the Deputy for Air Force Review Boards accepted the AFBCMR's decision. A.R., vol. I at 8. On May 5, 1994, plaintiff reasserted his request that AFBCMR remove his 1990 EPR from his records. In his May 5, 1994 application for relief, plaintiff reiterated the contentions contained in his first application to the AFBCMR and requested a hearing with the AFBCMR. A.R., vol. I at 4.

On January 5, 1995, the AFBCMR denied plaintiff's application without a hearing. A.R., vol. I at 3–6. The AFBCMR relied upon an advisory opinion dated June 17, 1994. A.R., vol. I at 4–6, 73–74. Plaintiff was allowed to comment on the advisory opinion. A.R., vol. I at 5. In its decision, the AFBCMR found that plaintiff presented insufficient evidence to demonstrate the existence of a probable error or injustice and that there was an absence of persuasive evidence showing that the 1990 EPR was erroneously endorsed. A.R., vol. I at 5–6.

On August 4, 1995, plaintiff filed a complaint in this court seeking restoration to active duty, promotion, and back pay. Defendant then moved the court to dismiss plaintiff's complaint under Rule of the United States Court of Federal Claims ("RCFC") 12(b)(4) for failure to state a claim upon which relief can be granted or, alternatively, to grant judgment upon the administrative record under RCFC 56.1. Plaintiff opposed defendant's motion to dismiss and cross-moved for summary judgment.

### Contentions of the Parties

Plaintiff contends that his 1990 EPR should not have been included in his personnel records because the EPR did not have the correct indorser sign the report. Plaintiff alleges that Air Force regulations and

---

**1.** The closeout date listed on the 1990 EPR was August 31, 1990.

directives were violated, and that due to the 1990 EPR, he was not promoted to Master Sergeant.

Plaintiff asserts that the reason for the 1990 EPR was the changing of his reporting official. According to plaintiff, the closeout date for the EPR should have been July 11, 1990 and not August 31, 1990, because SMSgt. Treiber changed duties on July 11, 1990. Plaintiff contends that if the closeout date for the EPR had been July 11, 1990, the indorser would have been SMSgt. Randy R. Hofferber rather than CMSgt. Smillie, who actually signed the 1990 EPR. Plaintiff argues that if the indorser had been SMSgt. Hofferber, plaintiff would have received the highest rating, a "5", rather than a "3".

Plaintiff argues that if the correct indorser had rated and signed the 1990 EPR, plaintiff would have received a significantly higher rating on the EPR and would have been promoted to Master Sergeant. If plaintiff had been promoted, he would not have been forced to retire. Plaintiff also contends that the AFBCMR's decision to deny him a hearing was arbitrary, capricious, an abuse of discretion, and contrary to law or regulations.

Defendant's threshold argument is that the Air Force's decision not to promote plaintiff is nonjusticiable; therefore, judicial review is not available.

Defendant alternatively argues that the AFBCMR considered plaintiff's allegations on two occasions and properly denied plaintiff's applications to remove his 1990 EPR from his personnel records. Defendant contends that plaintiff failed to produce concrete evidence to challenge the closeout date of his 1990 EPR, to prove that he was rated by the wrong indorser, or to establish that his rating was otherwise improper.

Finally, defendant argues that AFBCMR's decision denying plaintiff a formal hearing was not arbitrary or capricious and did not violate any statute or regulation. Defendant contends that there is no regulatory or statutory right to a hearing by the AFBCMR.

**2.** To the extent that plaintiff's complaint raises due process considerations regarding promotion

### DISCUSSION

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(4), the factual allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the nonmoving party. *See Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986) (discussing Federal Rule of Civil Procedure 12(b)(6)); *Marshall v. United States,* 21 Cl. Ct. 497, 499 (1990). The court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Motions for judgment upon the administrative record are treated according to the rules for summary judgment motions. RCFC 56.1(a); *Nickerson v. United States,* 35 Fed. Cl. 581, 588 (1996). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Disputes over material facts that affect the outcome of the suit preclude an entry of judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

Plaintiff asserts jurisdiction under the Tucker Act, 28 U.S.C. § 1491, which empowers this court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department," so long as the constitutional, statutory, or regulatory provision on which the claim is based explicitly or implicitly mandates the payment of money. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Dehne v. United States,* 970 F.2d 890, 893 (Fed.Cir. 1992). Plaintiff has failed to assert any statutory or regulatory provision authorizing pay.[2] The court, *sua sponte,* holds that 37

and correction board procedures, those matters are not within the jurisdiction of this court. The

U.S.C. § 204(a)(1) authorizes pay for members of the uniformed service who are on active duty. Before plaintiff's involuntary retirement, he was on active duty in the Air Force. Binding precedents have held that involuntarily discharged military personnel may rely on pay statutes to invoke this court's Tucker Act jurisdiction. *Adkins v. United States*, 68 F.3d 1317, 1321 (Fed.Cir. 1995); *Sargisson v. United States*, 913 F.2d 918, 920 (Fed.Cir.1990); *Voge v. United States*, 844 F.2d 776, 779 (Fed.Cir.1988).

## I. *Justiciability of Promotion Decision*

The threshold issue in this case is justiciability. Defendant contends that military promotion decisions are nonjusticiable. Justiciability depends on "whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded." *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962). An issue is nonjusticiable when there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department." 369 U.S. at 217, 82 S.Ct. at 710. The Constitution grants power over the military to the Executive and Legislative Branches. *See* U.S. Const. arts. I, § 8, II, § 2. Courts give great deference to military decisions. The courts have been "reluctant to intrude upon the authority of the Executive in military and national security affairs." *Department of Navy v. Egan*, 484 U.S. 518, 530, 108 S.Ct. 818, 825–26, 98 L.Ed.2d 918 (1988).

The United States Court of Appeals for the Federal Circuit has determined that judicial review is appropriate when there are "tests and standards" the court can administer to determine whether the military's actions were correct. *Murphy v. United States*, 993 F.2d 871, 873 (Fed.Cir.1993); *see Sargisson v. United States*, 913 F.2d 918, 922 (Fed.Cir.1990); *Voge v. United States*, 844 F.2d 776, 780 (Fed.Cir.1988). If there is no test or standard, the court must abstain. *Murphy*, 993 F.2d at 873.

due process clauses of the United States Constitution do not contain provisions allowing money damages for their violation as required by the

Military promotion decisions are nonjusticiable issues. *See Longhofer v. United States*, 29 Fed.Cl. 595, 604 (1993). "A promotion is not a right, privilege, or property." *Id.* Promotions within the military are discretionary. *Id.* There are no regulatory tests or standards for the court to determine whether or not plaintiff would have received a promotion to Master Sergeant if his 1990 EPR were either removed from his personnel file or modified as sought. Therefore, under legal precedent binding upon us, we must find that plaintiff's request for promotion is a nonjusticiable matter.

## II. *Limited Review of the AFBCMR Decision*

In addition to requesting a promotion, plaintiff challenges the AFBCMR's decision denying him relief as arbitrary and capricious. The court may "determine whether the action of the military is arbitrary, capricious, unsupported by substantial evidence or contrary to applicable statutes or regulations." *Kirwin v. United States*, 23 Cl.Ct. 497, 502 (1991). The court is not entitled to reweigh the evidence, but must determine "whether the conclusion being reviewed is supported by substantial evidence." *Id.* (citing *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed.Cir.1983) (emphasis omitted)). In military personnel actions, there is a "strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804, 813 (1979). Plaintiff bears the burden of showing by cogent and clearly convincing evidence that there was a material legal error or injustice in the correction board proceeding. *Chayra v. United States*, 23 Cl.Ct. 172, 178 (1991).

### A. *AFBCMR Decision Denying Plaintiff Relief*

The AFBCMR considered all evidence proffered by the plaintiff. Plaintiff

Tucker Act. *See* U.S. Const. amends. V, VI, XIV, § 1; *Yokum v. United States*, 9 Cl.Ct. 602, 606 (1986).

has not submitted additional evidence to this court. When a plaintiff has not presented additional evidence to the court reviewing a correction board's decision, he is not entitled to a trial *de novo*. *See de Cicco v. United States,* 230 Ct.Cl. 224, 677 F.2d 66, 70 (1982). Plaintiff contends that the AFBCMR should have removed the 1990 EPR because it was wrongly prepared and endorsed. Plaintiff's claim turns on the closeout date of his EPR. If the closeout date was on July 11, 1990, SMSgt. Hofferber would have been plaintiff's indorser, rather than CMSgt. Smillie. According to his letter to the AFBCMR, SMSgt. Hofferber would have rated plaintiff higher than CMSgt. Smillie. A.R., vol. I at 20, 22–23. Plaintiff challenges the factual findings of the AFBCMR. The administrative record shows that the AFBCMR twice considered plaintiff's statements and evidence and found that plaintiff failed to prove that plaintiff's closeout date was before August 31, 1990. A.R., vol. I at 4–6, 9–12.

The AFBCMR considered whether the challenged closeout date was incorrect and whether Air Force Regulation ("AFR") 39–62 was violated.[3] Plaintiff submitted various documents to the AFBCMR to show the 1990 EPR closeout date should have been July 11, 1990 and not August 31, 1990. Plaintiff submitted an on-the-job training ("OJT") record and a Consolidated Base Personnel Office Airmen Performance Report ("APR") Roster to show when SMSgt. Treiber was transferred. The July 27, 1990 entry on the OJT record establishes that another individual was plaintiff's supervisor. A.R., vol. I at 38. The OJT record does not disclose that someone other than SMSgt. Treiber was plaintiff's EPR rater. The APR Roster submitted by plaintiff shows that on August 7, 1990, SMSgt. Hofferber was SMSgt. Treiber's rater. A.R., vol. I at 18. The APR Roster does not establish the effective date of SMSgt. Treiber's transfer, plaintiff's rating chain on July 11, 1990, or plaintiff's rating chain for any other day in July or August 1990.

Plaintiff submitted various letters written by SMSgt. Trieber, CMSgt. Smillie, SMSgt. Hofferber, and Lieutenant Colonel McCammon in support of his contention that the closeout date of his 1990 EPR should have been July 11, 1990. Statements from SMSgt. Trieber and SMSgt. Hofferber suggest that SMSgt. Hofferber should have been the indorser on the 1990 EPR. A.R., vol. I at 19–20. As the AFBCMR found, there is "no concrete evidence" supporting these personal opinions. A.R., vol. I at 5. CMSgt. Smillie and Lieutenant Colonel McCammon stated that there were problems with the accuracy of personnel rosters as Kunsan Air Base during the time of plaintiff's 1990 EPR. A.R., vol. I at 50–51. These statements do not establish that the 1990 EPR's closeout date was incorrect nor that CMSgt. Smillie was the incorrect indorser.

To support his argument that SMSgt. Trieber changed duties on July 11, 1990, plaintiff refers to the July 11, 1990 closeout date on Trieber's own EPR. A.R., vol. I at 41. SMSgt. Treiber's EPR was an "annual" report. A.R., vol. I at 41. If SMSgt. Treiber had changed duties on July 11, 1990, he would have received a "change of duty" EPR, not an annual report. A.R., vol. I at 5. The closeout date on SMSgt. Treiber's annual EPR does not establish when he changed duties. Plaintiff's evidence does not establish that July 11, 1990 should have been the closeout date of his 1990 EPR.

The advisory opinion, relied upon by the AFBCMR, considered whether AFR 39–62 was violated. A.R., vol. I at 4–5. Plaintiff does not challenge the rater, only that the rater should have written the EPR earlier so he would have had a different indorser. An indorser for a Technical Sergeant is the rater's rater. AFR 39–62, table 4–3; A.R., vol. I at 60. The "rating chain" is defined as "normally the same as the supervisory chain; however, there are instances when an individual in the supervisory chain is not an evaluator on the enlisted performance report." AFR 39–62, para. 2–24; A.R., vol. I at 57. The 1990 EPR lists August 31, 1990

**3.** AFR 39–62 is the Air Force regulation that covers enlisted member performance evalua-

tions.

as the closeout date. There is no dispute that CMSgt. Smillie was the proper indorser on August 31, 1990. The AFBCMR followed the regulations and found that there was no violation of APR 39–62. A.R., vol. I at 4–6. Plaintiff has not demonstrated a violation of the Air Force Regulations.

The AFBCMR was further persuaded by the statement of Lieutenant Colonel McCammon, who was the commander who concurred with 1990 EPR ratings rendered by SMSgt. Treiber and CMSgt. Smillie. A commander has the power to concur or nonconcur with a rating. Lieutenant Colonel McCammon stated on April 6, 1994 that he reaffirmed his evaluation of plaintiff. A.R., vol. I at 51. According to AFR 39–62, paragraph 4–5(b), "If commanders disagree with one or more ratings on the report, they must mark the 'nonconcur' block" and provide supplemental comments. This regulation gives commanders the opportunity to comment on the evaluation of one of their troops. Plaintiff has not demonstrated that the rater or commander would have changed his rating if SMSgt. Hofferber had been the indorser or that SMSgt. Hofferber's higher rating would have changed plaintiff's overall rating.

Upon review of the administrative record, the court concludes that there is no conclusive evidence that the closeout date was before August 31, 1990, or that CMSgt. Smillie was the incorrect indorser. The AFBCMR's decision that plaintiff presented insufficient evidence to show a probable error or injustice was neither arbitrary and capricious nor contrary to law or regulation.

### B. *AFBCMR's Decision Denying Plaintiff a Hearing*

■ Finally, plaintiff challenges the AFBCMR's decision denying him an oral hearing. Plaintiff has not supplied any legal authority in support of his contention that he is entitled to an oral hearing. In fact, there is no statutory or regulatory right to a hearing. *Bell v. United States*, 32 Fed.Cl. 259, 264 (1994); *Lyons v. United States*, 18 Cl.Ct. 723, 729 (1989), *aff'd*, 907 F.2d 157 (Fed.Cir. 1990). The AFBCMR has discretion in granting a hearing, *Bell*, 32 Fed.Cl. at 264, and the AFBCMR's decision will be upheld if

reasonable. *Id.* The AFBCMR's decision was reasonable because plaintiff's case was adequately documented. Plaintiff submitted a complete application with attachments. *See* A.R., vol. I at 6, 12. Therefore, the AFBCMR's decision denying a hearing was not arbitrary and capricious.

### *CONCLUSION*

For the above reasons, the court ALLOWS defendant's motion for judgment upon the administrative record and DENIES plaintiff's cross-motion for summary judgment. The Clerk of the Court is directed to enter judgment accordingly. No costs.

### *ORDER ON RECONSIDERATION*

■ On October 2, 1996, this court issued an Opinion granting defendant's motion for judgment upon the administrative record and denying plaintiff's cross-motion. Plaintiff filed a motion for reconsideration on October 15, 1996, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 59(a). The motion asserts that the court's Opinion "appears to overlook certain facts and erroneously applies certain points of law and fact." For the reasons that follow, plaintiff's motion is denied.

■ RCFC 59(a)(1) states: "A new trial or rehearing or reconsideration may be granted ... for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." A motion for reconsideration is addressed at the discretion of the court. *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir.1990). For a movant to prevail, he must point to a "manifest error of law, or mistake of fact" and demonstrate that the motion "is not intended to give an unhappy litigant an additional chance to sway the court." *Circle K Corp. v. United States*, 23 Cl.Ct. 659, 664–65 (1991). To sustain this burden, the movant must show (1) an intervening change in controlling law; (2) that previously unavailable evidence has been discovered; or (3) that the motion is necessary to prevent manifest injustice. *See Bishop v. United States*, 26 Cl.Ct. 281, 286 (1992). Plaintiff does not

assert an intervening change in controlling law or newly discovered evidence. Therefore, the court will analyze whether plaintiff's motion is necessary to prevent manifest injustice. The court will address each of plaintiff's challenges.

First, plaintiff challenges the court's holding that military promotion decisions are nonjusticiable. The court held that there were no regulatory tests or standards to determine whether plaintiff would have been promoted if his 1990 Enlisted Performance Report ("EPR") had been removed from his file or modified. Plaintiff alleges that the court would not have to apply promotion standards because the Air Force Military Personnel Center ("AFMPC") would automatically promote plaintiff if the 1990 EPR were removed or plaintiff's overall rating upgraded. The plaintiff cites AFMPC correspondence, dated October 25, 1993, as support for his contention. See Administrative Record ("A.R."), vol. I at 34. The AFMPC states: "Should the [Air Force Board for Correction of Military Records ("AFBCMR")] void the contested report in its entirety, or upgrade the overall rating, providing he is otherwise eligible, the applicant will be entitled to supplemental promotion consideration ..." Id. The AFMPC also states that if the AFBCMR grants plaintiff's request, he would be selected for promotion "pending a favorable data verification and the recommendation of the commander." Id. (emphasis added). The AFMPC letter does not suggest that plaintiff would automatically be promoted if his 1990 EPR were removed or his overall rating upgraded. Plaintiff's selection for promotion requires a favorable data verification and the recommendation of the commander. Even if there were no negative comments in plaintiff's personnel file, plaintiff's promotion is subject to the discretion of the commander. As a result, the promotion decision in plaintiff's case in nonjusticiable. See Longhofer v. United States, 29 Fed.Cl. 595, 604 (1993).

Next, plaintiff challenges the court's determination that there was no conclusive evidence that his 1990 EPR's closeout date was before August 31, 1990, or that CMSgt. Smillie was the incorrect indorser. Plaintiff's 1990 EPR was due to a change in reporting official ("CRO"). Plaintiff tried to prove that his reporting official, SMSgt. Treiber, changed duties on July 11, 1990. If SMSgt. Treiber had changed duties on July 11, 1990, SMSgt. Hofferber would have been plaintiff's indorser.

Plaintiff relies upon statements from SMSgt. Treiber and SMSgt. Hofferber. Their statements are personal opinions. SMSgt. Hofferber states he should have indorsed plaintiff's 1990 EPR. A.R., vol. I at 20. SMSgt. Hofferber, however, does not state when SMSgt. Treiber changed duties. SMSgt. Hofferber's statement does not establish the correct closeout date of plaintiff's 1990 EPR. SMSgt. Treiber states that he changed duties on July 11, 1990, because his own EPR was dated July 11, 1990. A.R., vol. I at 40. SMSgt. Treiber's EPR was an annual one. A.R., vol. I at 41. If SMSgt. Treiber had changed duties on July 11, 1990, he would have received an EPR due to a CRO, not an annual EPR. The statements from SMSgt. Treiber and SMSgt. Hofferber do not prove when SMSgt. Treiber changed duties.

Plaintiff also relies upon the August 7, 1990, Consolidated Base Personnel Office Airmen Performance Report ("APR") Roster and the July 27, 1990, entry on the on-the-job training ("OJT") record to show when SMSgt. Treiber was transferred. The APR Roster does not establish the date SMSgt. Treiber changed duties. A.R., vol. I at 18. The APR Roster indicates that SMSgt. Treiber's duty title was Unit Resource Advisor. A.R., vol. I at 18. Plaintiff argues that SMSgt. Treiber's duty title on August 7, 1990, was different than his duty title on his July 11, 1990, EPR. SMSgt. Treiber's EPR states his duty title as Assistant Aircraft Maintenance Branch Superintendent. A.R., vol. I at 41. However, the plaintiff fails to realize that SMSgt. Treiber's EPR also lists his additional duty as Unit Resource Advisor. Id. Therefore, the APR Roster and SMSgt. Treiber's EPR do not establish when SMSgt. Treiber changed duties because they both list Unit Resource Advisor as a duty. Moreover, the AFMPC states in a letter to the AFBCMR that the APR Roster is "not a

valid source document." A.R., vol. I at 31. Finally, the OJT record shows that someone other than SMSgt. Treiber was plaintiff's supervisor on July 27, 1990. A.R., vol. I at 38. The OJT record, however, does not establish that someone other than SMSgt. Treiber was plaintiff's EPR rater.

Plaintiff contests the court's holding that Air Force Regulation ("AFR") 39–62 was not violated. The "rating chain" is defined as "normally the same as the supervisory chain . . ." AFR 39–62, ¶ 2–24; A.R., vol. I at 57. Unlike plaintiff's contention, there is no mandatory language that the rating chain must be the supervisory chain. According to the Air Force regulations, the indorser of plaintiff's EPR must be the rater's rater. AFR 39–62, table 4–3; A.R., vol. I at 60. On August 31, 1990, CMSgt. Smillie was SMSgt. Treiber's rater. Plaintiff has not shown that SMSgt. Treiber changed duties on July 11, 1990, or within a couple of days later. As a result, plaintiff has not demonstrated that the closeout date of his 1990 EPR should have been July 11, 1990, or shortly thereafter, or that CMSgt. Smillie was the wrong indorser.

Finally, plaintiff challenges the court's finding that even if the indorser had been SMSgt. Hofferber, plaintiff failed to demonstrate that the rater or commander would have changed his rating or that plaintiff's overall rating would have changed. As support, plaintiff points to CMSgt. Smillie's statement: "A different indorser's recommendation may or may not have change[d] the over all [sic] rating of the subject EPR." A.R., vol. I at 50. CMSgt. Smillie's statement does not establish that plaintiff's overall rating would have changed with a different indorser. The court is persuaded by the statement from plaintiff's commander: "On the issue of the content of the EPR, I am convinced it accurately reflected performance." A.R., vol. I at 51. There is no evidence that the rater or commander would have changed his rating if SMSgt. Hofferber had been the indorser.

Plaintiff has failed to demonstrate that the court erred in its Opinion dated October 2, 1996, granting defendant's motion for judgment upon the administrative record and de-

nying plaintiff's cross-motion. Accordingly, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

