Thomas COLE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 98–321.

United States Court of Federal Claims.

April 18, 2002.

Robert Belknap, Slidell, Louisiana, for plaintiff.

Jeffrey Infelise, Commercial Litigation Branch, with whom were James Kinsella, Assistant Director, David M. Cohen, Director, and Frank W. Hunger, Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for defendant.

## OPINION

SMITH, Senior Judge.

Plaintiff received a medical separation from the military on February 4, 1993. After objecting to the level of his disability rating before the Army Board for Correction of Military Records, plaintiff seeks the following relief from this court: 1) overturning his "wrongful" discharge from the U.S. Army, 2) correcting the improper calculation of his disability, 3) reimbursement for the failure of the U.S. Army to pay for his medical expenses, and 4) reimbursement for his lost pay.

Plaintiff first joined the Army on July 18, 1974. Over the next twenty years, he served 17 years in the Active Duty Army and in the National Guard. During his service, plaintiff was a combat medic. As early as May 1983, plaintiff began receiving treatment for lower back problems. Eventually, plaintiff was sent to a civilian doctor for treatment of his back. That doctor diagnosed his problem as a bulging, herniated disc. Army doctors concurred on the diagnosis. In addition, Plaintiff had medical problems with his left shoulder and left knee.

Plaintiff was referred to an administrative Physical Evaluation Board (PEB) for the

purpose of separating him from the Army for medical reasons. A local, informal PEB determined on August 19, 1992, that plaintiff had a disability to his left shoulder and left knee and degenerative disc disease. The Board also assigned him a 10% disability rating. Plaintiff appealed the informal PEB, which triggered a Formal PEB. At a Formal PEB the soldier is to have representation and other trial-like rights. Plaintiff's Formal PEB was held at Fort Sam Houston on October 8, 1992. The Formal PEB rated only plaintiff's chronic shoulder pain and increased his disability rating to 20%. Plaintiff appealed the Formal PEB's decision to the United States District Court for the Western District of Louisiana, where the appeal failed for lack of jurisdiction. Then, the plaintiff appealed to the Army Board for Correction of Military Records (ABCMR). The ABCMR met on July 25, 1997, and found plaintiff was not entitled to additional relief because the Veterans Administration (VA) had increased his disability rating to 60% for the VA's purposes. Plaintiff challenges that decision here.

In addition, plaintiff alleges that he had ineffective assistance of counsel for the Formal PEB because he could not understand his JAG attorney due to her heavy Spanish accent. He also states that they only met for 15–20 minutes immediately before the Formal PEB. He argues this violated his due process rights and resulted in ineffective assistance of counsel.

Defendant moved to dismiss under RCFC 12(b)(1) & (b)(4) for lack of subject matter jurisdiction, or alternatively, for summary judgment. This court held oral argument on defendant's motion on November 16, 2001.

## DISCUSSION

### I. Standard of Review

RCFC 12(b)(1) requires the court to dismiss a complaint when the court lacks subject matter jurisdiction over the action and RCFC 12(b)(4) requires dismissal if, assuming the truth of all allegations, the complaint fails to state a claim upon which relief may be granted as a matter of law. In ruling upon a motion to dismiss, a court must grant the motion "when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000). See also *Moyer v. United States,* 190 F.3d 1314, 1317–18 (Fed. Cir.1999); *N.Y. Life Ins. Co. v. United States,* 190 F.3d 1372, 1377 (Fed.Cir.1999). In addition, the court must "accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Boyle,* 200 F.3d at 1372. *See also Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998).

### II. This Court has Jurisdiction Over this Cause of Action

■ Defendant asserts that this court has no jurisdiction to hear this claim because plaintiff has not invoked the subject matter jurisdiction of the court. Plaintiff relies on 28 U.S.C. § 2671 (1994 & Supp.2001), for jurisdiction. Section 2671 is the definitional section of the code that deals with tort claims procedure. The section does not deal with the jurisdiction of this court. The only other law that the plaintiff cites in his brief is the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq.* (1998), in its entirety. The APA is not a jurisdictional statute. It simply waives sovereign immunity and governs the way this court (and other courts) review agency action. Thus, neither law cited by the plaintiff gives this court jurisdiction over this case.

Neither does the plaintiff bring this claim under the Back Pay Act, 5 U.S.C. § 5596 (1996 & Supp.2001), because the plaintiff does not seek to be reinstated in the Army. Rather, the plaintiff states he should have a higher disability rating than he currently has. Even if the plaintiff had raised the Back Pay Act, this court would not have jurisdiction because the Act is not jurisdictional in nature. *See United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983). To reach the jurisdiction of this court, "[s]ome provision of law other than the Back Pay Act must first mandate, or at least be interpreted to mandate, money damages to an employee suffering an unjustified or unwarranted personnel action..." *Walker v. United States,* 11 Cl.Ct. 77, 80 (1986). Thus, the Back Pay

Act provides no jurisdiction for plaintiff's claims.

This court does, however, have jurisdiction under the Tucker Act. *See* 28 U.S.C. § 1491 (1994 & Supp.2001). *See also, Sawyer v. United States,* 930 F.2d 1577 (Fed.Cir.1991) (Tucker Act jurisdiction to actions challenging Board of Correction's disability retirement decision); *Sanders v. United States,* 219 Ct.Cl. 285, 594 F.2d 804 (1979); *Sanders v. United States,* 34 Fed.Cl. 75, 80 (1995) ("court has jurisdiction to hear military pay cases in which the claim arises from statutes or regulations as opposed to the subjective expectations of members of the armed forces"); *United States v. Larionoff,* 431 U.S. 864, 869, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977) (jurisdiction to hear re-enlistment bonus disputes); *Wyatt v. United States,* 2 F.3d 398 (Fed.Cir.1993) (jurisdiction to hear specialty pay claims); *Taylor v. United States,* 33 Fed.Cl. 54 (1995) (jurisdiction over regular pay disputes). In this case, plaintiff alleges he should have been assigned a higher disability rating when he was separated and without that higher disability rating he was deprived of retirement benefits and pay. Thus, this court has jurisdiction under the Tucker Act.

Because the court has jurisdiction over this case under the Tucker Act, the court DENIES defendant's motion to dismiss for lack of subject matter jurisdiction.

## III. The Army Board for Correction of Military Records was not Arbitrary and Capricious when it Reviewed Plaintiff's Claim

Plaintiff asks this court to find that the Army Board for Correction of Military Records acted in an arbitrary and capricious manner when it upheld the decision of the Formal PEB in the face of plaintiff's allegations that he received ineffective assistance of counsel. Plaintiff bears the burden of showing that the Board's findings were "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.1986), *cert. denied,* 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986), *quoted in Walters v. United States,* 37 Fed.Cl. 215, 220 (1997).

 The court may review the procedures of the military, but "[j]udicial deference to administrative decisions of fitness for duty of service member is and of right should be the norm." *Maier v. Orr,* 754 F.2d 973, 984 (Fed.Cir.1985). Indeed, the military has great discretion in determining who will serve in it and at what point they will no longer be able to serve. *See Murphy v. United States,* 993 F.2d 871 (Fed.Cir.1993) and *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). The court uses an arbitrary and capricious standard to determine whether the Board has abused its discretion. *See Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), *Wyatt v. United States,* 23 Cl.Ct. 314 (1991), and *Bell v. United States,* 32 Fed.Cl. 259 (1994).

 Plaintiff was separated from the Army pursuant to 10 U.S.C. § 1203 (1998 & Supp.2001). Under that statute, a member of the armed services can be separated if his disability is rated at 30% or lower. Plaintiff's disability was rated at 20%, thus making him ineligible for a medical retirement and the benefits that accrue with that status. *See* 10 U.S.C. § 1213 (1998 & Supp.2001). In addition, under 10 U.S.C. § 1214 (1998 & Supp. 2001), plaintiff had the right to demand a full and fair hearing of his medical disability, which plaintiff received.

Plaintiff does not argue that he should not have been medically separated, but instead focuses on alleged due process violations in the Formal PEB, specifically that he met with his counsel minutes before the hearing and had difficulty understanding her due to her accent. He also asks this court to find that his disability rating should be raised to 100%, or at a minimum above 30% so he can be medically retired with the accompanying benefits.

Plaintiff alleged nothing in his complaint or at the oral argument that shows the ABCMR acted in an arbitrary or capricious way in allowing the Formal PEB findings to stand. The administrative record shows that both boards had a detailed medical history for the plaintiff. The plaintiff alleges that if he had more time, he could have supplemented that record with additional medical information.

Yet he has not shown that any of those supplements would have changed the outcome.

In addition, plaintiff alleges that the Formal PEB violated his due process rights because he could not understand his JAG attorney. However, he again failed to prove that additional time with a JAG attorney he could understand would have changed the outcome. Thus, he provided no evidence to support his claim that counsel's accent or the time of the meeting led to an arbitrary and capricious decision by the ABCMR. Indeed, both the Formal PEB and the ABCMR had an extensive administrative record to review and issued well-reasoned and substantiated opinions to support their decisions.

Thus, while it is understandable that the plaintiff finds it unfortunate that he was medically separated from the military with a rating too low to give him retirement benefits, there was nothing arbitrary or capricious in the ABCMR's decision to uphold his 20% disability rating.

## CONCLUSION

This court has jurisdiction over this dispute. Therefore, defendant's motion to dismiss under Rule 12(b)(1) is DENIED. As to the 12(b)(4) motion the plaintiff has shown no evidence that the Board acted in an arbitrary and capricious manner when it upheld the findings of the Formal PEB. Therefore, the defendant's motion to dismiss under 12(b)(4) is also GRANTED. The Clerk of the Court is directed to dismiss the complaint. Each party will bear its costs.

IT IS SO ORDERED.