**Daniel J. BERNARD, pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–265C.**

United States Court of Federal Claims.

Filed Jan. 22, 2004.

Corrected Copy Filed Jan. 23, 2004.

---

498

Daniel B. Bernard, pro se.

Michael Panzera, Washington, D.C., for defendant, with whom were Assistant Attorney General Peter D. Keisler, Director David M. Cohen, and Assistant Director Bryant G. Snee, all on behalf of the United States Department of Justice, Civil Division, and Major Vanessa Crockford and Major Louis Birdsong, Of Counsel, Department of the Army.

### MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

One of the most important duties of the United States Court of Federal Claims is to adjudicate money claims brought by those

who serve and have served in the nation's military, many of whom appear before the court on a *pro se* basis. For this reason, the court historically has held such litigants to a far less stringent standard in framing and presenting their claims. This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements.

The court has afforded plaintiff in this case a "second chance" to present his claims to meet these requirements with the advice of knowledgeable trial counsel who was willing to assist in that effort on a *pro bono* basis-all to no avail. Therefore, for the reasons set forth in the court's September 30, 2003 memorandum opinion, restated herein for the convenience of any appellate review requested, plaintiff's September 2, 2003 First Amended Complaint is now dismissed in its entirety.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

On January 3, 2000, plaintiff was ranked as a Major in the Department of the Army ("Army"). His title was Assistant Staff Judge Advocate in the Judge Advocate General Corps. In August 2001, he was released from active duty and placed on the Temporary Disability Retirement List ("TDRL").[1]

On July 2, 2002, following an administrative hearing, a Physical Evaluation Board ("PEB") found that plaintiff was physically unfit to perform the duties of his office and grade, but at a level that did not qualify him for permanent retirement benefits. A soldier can receive benefits upon retirement or separation only if the rating for a permanent disability is at 30 percent or above, as set forth in 10 U.S.C. § 1201 (1994) (retirement), § 1203 (1994) (separation), and § 1210 (1994) (separated or retired while on the TDRL).[2]

After reaching its decision, the PEB received an e-mail statement from plaintiff to his co-counsel, which the PEB treated as a rebuttal and forwarded to the United States Army Physical Disability Agency ("USAPDA"). This filing prompted the USAPDA to review the PEB decision.[3] On July 30, 2002, the USAPDA affirmed that the PEB's disability determination was based on substantial evidence.

On February 5, 2003, plaintiff filed a timely complaint alleging various violations of law related to his discharge and the PEB and USAPDA decisions. On April 11, 2003, the United States, on behalf of the Army ("the government"), filed a confidential motion to dismiss that has been placed under seal. A redacted public version of this motion is on file with the Clerk of the Court. On June 30, 2003, plaintiff filed a motion for leave to amend the initial February 5, 2003 complaint, together with a proposed amended complaint, and a motion to strike concerning a February, 2001 Officer Evaluation Report. *See* April 11, 2003 government's motion to dismiss (Attachment A) and plaintiff's June 30, 2003 response. On August 15, 2003, the government replied. On September 2, 2003, plaintiff filed a motion for leave to file a second amended complaint (without a proposed amended complaint), a motion to reverse the August 15, 2003 reassignment of the case, and a motion for appointment of counsel. On September 4, 2003, the government responded. On September 15, 2003, the Chief Judge denied plaintiff's motion to reverse the reassignment of this case to the undersigned judge.

On September 30, 2003, the undersigned judge issued an opinion and order that grant-

---

1. TDRL status qualifies a soldier for disability retirement on a temporary basis, "when it is determined that the soldier is qualified for disability retirement under 10 U.S.C. § 1201 but for the fact that his or her disability is determined not to be of a permanent nature and stable." Army Regulation ("AR") 635-40 ¶ 7-2(a). A soldier on the TDRL "must undergo a periodic medical examination and PEB [Physical Evaluation Board] evaluation at least once every 18 months to decide whether a change has occurred in the disability for which the soldier was temporarily retired." AR 635-40 ¶ 7-4.

2. AR 635-40, "Physical Evaluation for Retention, Retirement, or Separation" ("AR 635-40") sets forth the procedures that govern the PEB.

3. AR 635-40 ¶ 4-22(3) provides that the USAPDA will review cases in "Formal proceedings when the soldier nonconcurs with the PEB findings and recommendations, submits a statement of rebuttal within the required time frame, and consideration of the rebuttal by the PEB does not result in a change to its findings and recommendations."

ed plaintiff's June 30, 2003 motion to file an amended complaint, but dismissed with prejudice paragraphs 1–3, 6–10, 20, and 22 thereof because the United States Court of Federal Claims had no jurisdiction over the claims set forth therein. The court granted plaintiff until January 9, 2004 to consider the court's ruling regarding deficiencies in the remaining claims and the opportunity further to amend his complaint.

The court, at plaintiff's request, also located knowledgeable trial counsel to consult with plaintiff on a *pro bono* basis. On December 22, 2003, plaintiff filed a notice of appeal regarding the September 30, 2003 memorandum opinion and order to the United States Court of Appeals for the Federal Circuit. Since plaintiff did not file an amended complaint regarding the remaining claims, for the reasons set forth herein they also are now dismissed.

## DISCUSSION

### 1. Relevant Standards Of Review

#### a. A *Pro Se* Plaintiff

Plaintiff is a *pro se* litigant and therefore the court holds the pleadings to a less stringent standard than a litigant represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). It has long been the traditional role of the court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969). Although the fact that a plaintiff "acted [*pro se*] in the drafting of his complaint may explain its ambiguities ... it does not excuse its failures, if such there be." *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995).

#### b. Subject Matter Jurisdiction

A complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]" RCFC 8(a)(1). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465

(Fed.Cir.1997) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). When deciding a motion to dismiss for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), the court may examine relevant evidence in order to resolve any factual disputes. *See, e.g., Moyer v. United States,* 190 F.3d 1314, 1318 (Fed.Cir.1999); *Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1584 (Fed.Cir.1993), *cert. denied sub nom., Cedars–Sinai Med. Ctr. v. O'Leary,* 512 U.S. 1235, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994).

#### c. Failure To State A Claim Upon Which Relief Can Be Granted

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" RCFC 8(a)(2). When deciding a motion to dismiss for failure to state a claim, the court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor. *See, e.g., Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000) ("In reviewing the dismissal, we must accept all well-pleaded factual allegations as true."); *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998) ("In reviewing the dismissal ... we are mindful that we must assume all well-pled factual allegations as true and make all reasonable inferences in favor of ... the nonmovant."). "Conclusory allegations of law and unwarranted inferences of fact," however, do not suffice to support a claim. *See Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir.1998).

#### d. Military Proceedings

The court may review the process and procedures of military proceedings, but "judicial deference to administrative decisions of fitness for duty of [a] service member is and of right should be the norm." *Maier v. Orr,* 754 F.2d 973, 984 (Fed.Cir. 1985); *see also Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 97 L.Ed. 842 (1953) (reminding the lower courts that "judges are not given the task of running the Army....

[o]rderly government requires that the judiciary be ... scrupulous not to interfere with legitimate Army matters[.]"). Accordingly, when contesting the process and procedures of military proceedings, the plaintiff bears the burden to overcome the "strong, but rebuttable, presumption" that the military discharges its duties "correctly, lawfully, and in good faith." *Hary v. United States,* 223 Ct.Cl. 10, 17, 618 F.2d 704 (1980) (citations omitted). "Perfect objectivity in the rating process cannot be expected or even hoped for. In the face of this presumption, plaintiffs must do more, to invoke court intervention, than merely allege or prove that an OER seems inaccurate, incomplete, or subjective in some sense." *Id.* The military "has great discretion in determining who will serve in it and at what point they will no longer be able to serve." *Cole v. United States,* 52 Fed.Cl. 429, 431 (2002) (citing *Murphy v. United States,* 993 F.2d 871, 872 (Fed.Cir.1993)) (holding the military's decision to release a claimant from active duty was nonjusticiable: "the existence of jurisdiction does not confirm the court's ability to supply relief.").

Accordingly, the plaintiff bears the burden of showing that the PEB and USAPDA proceedings were arbitrary, capricious, not supported by substantial evidence, or contrary to applicable statutes and regulations. *See Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983) (holding that the "responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province ... courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence.") (citations omitted); *see also Rose v. United States,* 35 Fed.Cl. 510 (1996) (upholding PEB decision regarding disability rating); *Pomory v. United States,* 39 Fed. Cl. 213 (1997) (upholding the USAPDA decision regarding disability rating).

### 2. Plaintiff's Motion For Leave To Amend Complaint

■ On June 30, 2003, plaintiff filed a motion for leave to amend the February 5, 2003 complaint. The amended complaint proposes to make several substantive changes. The first amendment requests the court to substitute the Secretary of Defense for the Secretary of the Army as a defendant. The United States, as opposed to individual government officers, is the only proper defendant before the United States Court of Federal Claims. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997). Therefore, the court denies plaintiff's motion to amend in this part.

The second amendment would expand the statement of jurisdiction to include: the Tucker Act, 28 U.S.C. § 1491; the Military Pay Act, 37 U.S.C. §§ 204 and 205; and 10 U.S.C. §§ 1201, 1202 and 1214, which govern military retirement and separation for physical disability. The interests of justice require the court to grant plaintiff's motion for leave to amend the statement of jurisdiction. *See Ruderer,* 188 Ct.Cl. at 468, 412 F.2d 1285.

The third amendment would add a paragraph 23 asserting that the plaintiff is temporarily 50 percent disabled and permanently 30 percent disabled, which, if established, would entitle him to be placed on the TDRL and to permanent retirement with the benefits that follow. Plaintiff's motion appears to have been prompted by defendant's motion to dismiss, wherein the complaint in this case was compared with that in *Cole.* In that decision, the court ruled upon an allegation identical to that proposed in paragraph 23, but held that while it satisfied jurisdictional requirements, the complaint as a whole did not state a claim on which relief could be granted. *See Cole,* 52 Fed.Cl. at 431. Because the language of proposed paragraph 23 will cure a jurisdictional defect, plaintiff's motion for leave to amend is granted to allow the addition of this paragraph.

### 3. Deficiencies In Plaintiff's Amended Complaint

The gravamen of plaintiff's initial complaint appeared to be that he should not have been discharged from the Army. The amended complaint, however, asserts that the PEB and USAPDA decisions were flawed and should have resulted in a finding that plaintiff was 30 percent disabled. The complaint,

as it is currently pled, includes claims that must be dismissed for reasons the court will now discuss.

### a. Subject Matter Jurisdiction

In *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), the Supreme Court held that the Tucker Act only confers jurisdiction when a separate substantive right exists that is enforceable against the United States for money damages. *See* 28 U.S.C. § 1491 (1994). If the complaint does not clearly state an independent money-mandating source, as a matter of law, the complaint must be dismissed. *See Gollehon Farming v. United States*, 207 F.3d 1373,1379 (Fed.Cir.2000); *Palmer v. United States*, 168 F.3d 1310,1312–13 (Fed.Cir.1999). The government's motion to dismiss asserts that the complaint, even as amended, does not properly identify a constitutional, statutory, or regulatory provision mandating payment of monetary damages. Therefore the United States Court of Federal Claims has no jurisdiction over plaintiff's claims. The court agrees that the following claims must be dismissed because they do not establish subject matter jurisdiction in the court or a separate substantive right that requires a monetary recovery. *See* RCFC 12(b)(1); *Clark v. United States*, 322 F.3d 1358, 1362 (Fed.Cir.2003).

■ Paragraph one alleges sexual harassment; however, the court does not have jurisdiction over sexual harassment claims under Title VII of the Civil Rights Act of 1964. *See Cottrell v. United States*, 42 Fed.Cl. at 144, 149 (1998).

■ Paragraph two alleges false imprisonment. Again, the court has no jurisdiction over such claims. *See Quillin v. United States*, 228 Ct.Cl. 727, 1981 WL 21467 (1981).

■ The amended complaint also includes several claims that plaintiff's Due Process rights under the Fifth Amendment of the United States Constitution were violated. Paragraph 3 alleges that the unavailability of legal counsel during plaintiff's incarceration for medical treatment violated his due process rights. Paragraph 9 alleges a due process violation concerning security clearance procedures. Paragraph 10 alleges a due process violation and a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in relationship to PEB medical discharge hearings. Paragraph 20 alleges "fraudulent conspiracy" to violate plaintiff's due process rights. Paragraph 22 claims that plaintiff's due process rights cannot be recaptured. A plaintiff is not precluded from raising due process claims in the United States Court of Federal Claims, but may only do so when the payment of money is a constitutionally recognized remedy. *See Holley v. United States*, 124 F.3d 1462, 1465–66 (Fed.Cir.1997). The remedy for violations of the Due Process Clause, apart from Just Compensation claims, and the Equal Protection Clause, is not the payment of money but equitable relief that can only be afforded by an Article III court. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995). The United States Court of Federal Claims does not have equitable jurisdiction, other than bid protest claims that arise under 28 U.S.C. § 1491(a)(3) (1994).

■ Paragraph 6 alleges violations of privacy rights, however, the court does not have jurisdiction to adjudicate claims under the Privacy Act, 5 U.S.C. § 552a (1994); *see also Rogers v. United States*, 15 Cl.Ct. 692, 698 (1988) (holding that a former Veterans Administration employee could not sue the agency for Privacy Act violations).

■ Paragraph 7 alleges "fraudulent revocation" of plaintiff's security clearance. The court does not have jurisdiction over this claim because the Supreme Court has held suspension of a security clearance does not rise to a legal or equitable claim. *See Dept. of the Navy v. Egan*, 484 U.S. 518, 528, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988) (holding a Navy employee discharged after security clearance was revoked had no legal right to clearance).

■ Paragraph 8 alleges fraudulent withholding and destruction of certain Army investigation records relating to plaintiff's Officer Evaluation Report and security clearance, as well as an allegation of sexual harassment, invoking the Due Process

Clause and the Freedom of Information Act, 5 U.S.C. § 552 (1994) ("FOIA"). The court does not have jurisdiction over FOIA claims. *See Rogers,* 15 Cl.Ct. at 698. And, as discussed herein, the court also does not have jurisdiction over the constitutional, security, or sexual harassment components of this claim.

Finally, to the extent that paragraphs 1, 2, 3, 6, 7, 8, and 20, in part or in whole, sound in tort, the court does not have jurisdiction over such claims. *See* 28 U.S.C. § 1491(a)(1) (1994); *see also Cottrell,* 42 Fed.Cl. at 149 (dismissing request for review of decision by ABCMR for lack of jurisdiction, because claim was based on tort, discrimination and other "jurisdictionally unsound theories," and rejecting claims based on fraud and conspiracy).[4]

Federal jurisdiction must be established at the onset of the suit. *See Albert v. Kevex Corp.,* 729 F.2d 757, 765 (Fed.Cir.1984). The United States Court of Federal Claims, however, does not have subject matter jurisdiction over the claims asserted in paragraphs 1–3, 6–10, 20 and 22 of the amended complaint. Accordingly, those claims are now dismissed, with prejudice. *See* RCFC Rule (12)(b)(1).

#### b. Failure To State A Claim

The remaining claims of the amended complaint attempt to allege an unlawful denial of disability retirement benefits. *See Pope v. United States,* 15 Cl.Ct. 218, 221 (1988) ("It is undisputed that this court has the jurisdiction to review discretionary actions of military departments concerning denial of disability retired pay, discharge of Army officers on active duty, determinations of whether a person is fit for duty, and correction of military records."). Therefore, the complaint in this case must set forth sufficient factual allegations, which if established, would demonstrate that the PEB

and/or USAPDA proceedings were "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Cole,* 52 Fed.Cl. at 431 (dismissing the complaint for failure to state a claim, in a case concerning an appeal from a PEB determination to the Army Board for the Correction of Military Records where no evidence was provided that the Board's findings were unsupported by substantial evidence).

The following claims of the amended complaint appear to have some relevancy to the PEB and USAPDA proceedings, however, as presented, they are insufficient to support claims for relief that the court can adjudicate.

■ Paragraph 4 alleges that plaintiff's OER was "false and misleading" and submitted after insufficient supervisory time. Paragraph 5 alleges that an Army officer fraudulently represented himself as plaintiff's commander. Plaintiff appears to be referring to the officer's role in performing the OER; however, the evaluating officer was a senior JAG attorney. The allegations in these paragraphs, however, do not state sufficient facts to evidence the PEB or USAPDA proceedings, as applied in this case, were arbitrary and capricious, not supported by substantial evidence, or contrary to law. Moreover, the court does not have jurisdiction over fraudulent misrepresentation by government officials. *See Armstrong v. United States,* 230 Ct.Cl. 966 (1982) (holding that a claim based on misrepresentations regarding eligibility for veterans benefits was tort claim).

■ Paragraph 11 alleges that evidence was presented to the PEB, without plaintiff having an opportunity for rebuttal. Plaintiff's email statement to his co-counsel, however, was forwarded to the PEB, which then forwarded it to the USAPDA, prompting a review of the PEB's findings. Nothing is

---

4. By naming individual government officers as defendants on the face of the complaint and in paragraphs 1–14 and 17, plaintiff appears to be claiming that constitutional violations arose as a result of the actions of these individual officers. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (creating

cause of action for money damages in remedy of constitutional violations committed by government officers acting under color of federal law). The court, however, does not have jurisdiction over *Bivens* claims. *See, e.g., Earnest v. United States,* 33 Fed.Cl. 341, 345 (1995) (stating that a *Bivens* claim is not the same as a claim against the United States).

alleged in this paragraph that indicates how either the process or procedure of the PEB or USAPDA deviated from federal law or Army regulations. Moreover, there are no facts alleged as to what the plaintiff might have proffered instead that would have changed the outcome of either decision.

Paragraph 12 alleges that plaintiff did not have competent legal representation in the aforementioned proceedings. The plaintiff acted as co-counsel with a JAG soldier's attorney appointed to represent him at the PEB proceedings. This claim, however, alleges no specific facts that would show plaintiff did not have competent representation or that his rights were violated. *See, e.g.*, AR 635–40 ¶ 4–21e (1) (setting forth the soldier's rights in the PEB process.) [5] In addition, no facts are alleged that indicate either the process or procedures of the PEB or USAPDA proceedings were arbitrary and capricious, not based on substantial evidence, or contrary to law.

Paragraph 13 alleges due process and equal protection violations concerning the PEB procedures, because they are "notoriously corrupt." Such a conclusory allegation is simply insufficient to state a claim. *See Bradley*, 136 F.3d at 1322. In light of other claims asserted, it is not clear whether this claim also applies to the USAPDA process and procedures.

Paragraph 14 alleges that not all information presented to the PEB was provided to the plaintiff. This allegation, while more specific, does not state how federal law or Army regulations were violated and how the PEB's process and procedures were arbitrary and capricious, not based on substantial evidence, or contrary to law. As with paragraph 13, it is not clear whether this claim also applies to the USAPDA process and procedures.

Paragraph 15 alleges that the PEB process did not comply with Army regulations, but this conclusory allegation fails to specify what federal law or Army regulations were violated and whether this claim also applies to the USAPDA process and procedures.

Paragraph 16 alleges that "reviews" of the PEB were not performed or not provided to the plaintiff (allegedly in violation of FOIA); however, as discussed *infra*, the PEB's decision in fact was reviewed by the USAPDA. And again, the court has no jurisdiction over claims regarding alleged FOIA violations.

Paragraph 17 alleges that an Army officer "fraudulently conspired to withhold travel fees and benefits to the plaintiff and discharged the plaintiff early in order to impose negative income tax consequences on the plaintiff, and that he fraudulently withheld the reviews of plaintiff's medical board [allegedly in violation of due process and FOIA]." This claim has no relevance to the PEB's decision. Again, as discussed *infra*, the court does not have jurisdiction over this type of constitutional claim or a FOIA claim.

Paragraph 18 alleges the fraudulent withholding and destruction of plaintiff's medical records, but this claim refers to no federal law or Army regulation that was allegedly violated or how the alleged violation affected the PEB and USAPDA proceedings.

Paragraph 19 alleges that the Army failed, and continues to fail, to provide plaintiff with sufficient medical treatment. In this context, an allegation of insufficient medical care may be a tort allegation. To the extent plaintiff is alleging that he was improperly denied treatment while on TDRL, and that this impacted the PEB and USAPDA proceedings, this may amount to a due process claim, but one that this court has no jurisdiction to adjudicate. To the extent plaintiff is alleging that he is entitled to medical treatment upon retirement, this paragraph may be read in conjunction with paragraph 23.

Paragraph 21 claims that an administrative appeal was made impossible by defendant's

---

5. These rights include: protection under the Privacy Act; the soldier's right to testify and introduce witnesses and other evidence; to submit unsworn statements without cross-examination; and to remain silent. AR 635–40 ¶ 4–21h provides for the right to representation and for the duties of counsel, including to advise the soldier of his or her rights; to prepare the soldier's case for presentation to the board; to request the PEB arrange for the attendance of witnesses; to examine witnesses and submit oral or written arguments; to counsel the soldier on the board's findings; and upon request, to assist in the preparation of the rebuttal.

fraudulent acts, but this allegation does not explain how or why the USAPDA process and procedures were not adequate.

Finally, Paragraph 23 of the amended complaint asserts that "plaintiff is temporarily 50% disabled and permanently 30% disabled, thereby entitling him to placement on the Temporary Disability Retirement List, and eventual permanent retirement, along with the retirement, insurance, and medical benefits that go along with those statuses." Former Army personnel, however, are not entitled to medical treatment in the absence of statutory retirement status. *See, e.g., Schism v. United States,* 316 F.3d 1259 (Fed. Cir.2002) (the right and scope of military medical care is strictly governed by statute and regulation). Paragraph 23, however, as discussed herein, does not set forth, and is unsupported by, any facts that would demonstrate how or why the PEB's process and procedures, or those of the USAPDA, were arbitrary and capricious, not based on substantial evidence, or contrary to law.

For these reasons, paragraphs 4–5, 11–19, 21 and 23 of the amended complaint are due to be dismissed for failure to state a claim upon which relief can be granted. *See* RCFC 12(b)(6). The court, however, granted plaintiff additional time to January 9, 2004 to further amend deficiencies in the complaint addressed by the court's September 30, 2003 memorandum opinion and judgment. Plaintiff failed to amend his complaint on January 9, 2004.

### 4. Motion For Appointment Of Counsel

On September 4, 2003, plaintiff requested that the court appoint counsel to pursue his claims. The court does not have the authority to appoint counsel. The court, however, is not prohibited from requesting a private counsel to review plaintiff's public file in this case and the pleadings filed to date to ascertain whether a proper cause of action may lie that can be adjudicated by the court. The venue of plaintiff's duty post and the origination of his OER was Birmingham, Alabama. Accordingly, the court has contacted Whatley Drake, LLP, a nationally known plaintiff's firm in Birmingham, Alabama (1100 Financial Center, 505 20th St. N., Bir-

mingham, Alabama 35203–2605, ph.# 205–328–9576), and requested that Peter Burke, a partner in that firm, assign one of the firm's attorneys to review the file, consult with plaintiff, and ascertain whether the complaint may be amended to cure the deficiencies identified herein. The firm agreed to provide its services for this limited assignment *pro bono.* Of course, the plaintiff was under no obligation to contact the Whatley Drake firm and it was made clear that plaintiff was free to consult with any other law firm or individual counsel that he may wish.

On December 23, 2003, the court was advised by the firm of Whatley Drake, LLP that although plaintiff did consult with the firm on several occasions, plaintiff decided on his own to file an appeal of the court's September 30, 2003 judgment in the United States Court of Appeals for the Federal Circuit and also has filed a *pro se* action in the United States District Court for the District of Columbia. Under the circumstances, counsel understandably decided it could no longer be of service to plaintiff. *See attachment* Exhibit 1. Nevertheless, the court is grateful to the firm of Whatley Drake, LLP for attempting to assist plaintiff and the court.

### CONCLUSION

Because the court did not have subject matter jurisdiction over paragraphs 1–3, 6–10, 20, and 22 of the amended complaint, these claims were dismissed with prejudice on September 30, 2003. The court allowed plaintiff until January 9, 2004 to further amend defects in the remainder of the September 2, 2003 First Amended Complaint. Plaintiff has elected not to amend. Accordingly, the government's April 11, 2003 motion to dismiss, pursuant to RCFC 12(b)(6), is granted and paragraphs 4–5, 11–19, 21 and 23 are dismissed without prejudice. Plaintiff's September 2, 2003 First Amended Complaint is now dismissed in its entirety. The Clerk of the Court is directed to enter a final judgment accordingly.

**IT IS SO ORDERED.**