**Lynn E. MENDES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 09–487C.

United States Court of Federal Claims.

Aug. 26, 2009.

Lynn E. Mendes, Charlotte, NC, pro se.

Antonia R. Soares, Commercial Litigation Branch, Civil Division, United States Depart-

ment of Justice, Washington, DC, for defendant.[1]

## OPINION AND ORDER

HEWITT, Chief Judge

### I. Background

Plaintiff, Lynn E. Mendes, filed her Complaint (Compl.) in this court on July 27, 2009. Compl. 1. The exact nature of her claim is unclear from the Complaint, but it appears to relate to the Central Intelligence Agency (CIA), the Federal Bureau of Investigation (FBI) and "laser beam technology." *Id.* ¶ 1. Plaintiff claims that the CIA and FBI are using "fanatical women to further their goals."[2] *Id.* She asserts numerous tort, criminal and constitutional claims including: "defamation, physical injury, loss of degree, financial loss, use of [torturous] and inhumane equipment for such purposes as to commit[ ] the crimes of extortion, embezzlement, blackmail, invasion of privacy, injury, terrorist[ ] type threats, stalking, harassment, trafficking to include prescription drugs and rape by women, beatings, murder—a complete violation of civil rights, constitutional rights, [and] human rights." *Id.*

### II. Application to Proceed In Forma Pauperis

Before the court is plaintiff's Application to Proceed *In Forma Pauperis* (plaintiff's Application) pursuant to 28 U.S.C. § 1915 (2006). Defendant has not responded to plaintiff's Application. The court may waive the prepayment of filing fees if a plaintiff's application supports a finding that plaintiff is eligible for a waiver of prepayment of the filing fee. 28 U.S.C. § 1915(a); 28 U.S.C.

§ 2503(d) (2006) (conferring authority on the United States Court of Federal Claims (Court of Federal Claims) to grant applications to proceed *in forma pauperis); see Hayes v. United States*, 71 Fed.Cl. 366, 366–69 (2006) (reviewing authority of the court to grant applications to proceed *in forma pauperis* and granting the plaintiff's application). Even if the court determines that a plaintiff is financially eligible to proceed *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

The court GRANTS plaintiff's Application for the limited purposes of determining whether plaintiff's claims are frivolous and whether plaintiff has stated a claim within the jurisdiction of the court.

### III. Legal Standards

The question of whether the Court of Federal Claims has subject-matter jurisdiction over a claim is a threshold matter that must be determined at the outset. *Steel Co. v. Citizens for a Better Env't (Steel Co.)*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed.Cir.2007) ("We have an obligation to assure ourselves of our jurisdiction before considering the merits ....") (citing *Steel Co.*, 523 U.S. at 94–95, 118 S.Ct. 1003). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States (Matthews)*, 72 Fed.Cl. 274, 278 (2006); *see* Rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC) ("If the court determines at any time that it lacks

---

**1.** Defendant's counsel entered an appearance in this case on August 13, 2009, but has not filed any motion or briefing. The court proceeds *sua sponte.*

**2.** It is unclear whether plaintiff claims that the "women" described in her Complaint (Compl.) are employed by the Central Intelligence Agency (CIA) and/or the Federal Bureau of Investigation (FBI). *See, e.g.,* Compl. ¶ 1 ("The technology being used developed by the CIA is known as laser bean technology and is being used by extremely zealot, fanatical women.").

The jurisdiction of the United States Court is Federal Claims is limited to suits against the

United States. *United States v. Sherwood (Sherwood)*, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Howard v. United States*, 74 Fed.Cl. 676, 679 (2006) ("The only defendant against whom suit may properly be brought in this court is the United States government."); *see* 28 U.S.C. § 1491(a)(1) (2006). "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court...." *Sherwood*, 312 U.S. at 588, 61 S.Ct. 767 (citations omitted). For the purposes of this Opinion the court will view the Complaint as stating a claim against the United States.

subject-matter jurisdiction, the court must dismiss the action.").

■ The burden of proof of establishing jurisdiction is borne by the plaintiff. *McNutt v. Gen. Motors Acceptance Corp. (McNutt)*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Russell v. United States*, 78 Fed.Cl. 281, 285 (2007). The plaintiff bears the burden to show by a preponderance of the evidence that jurisdiction is proper. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). Jurisdiction is a threshold matter and a case can proceed no further if the court lacks jurisdiction to hear it. *Steel Co.*, 523 U.S. at 94, 118 S.Ct. 1003. As a general matter, complaints filed by pro se plaintiffs are held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Howard v. United States (Howard)*, 74 Fed.Cl. 676, 678 (2006) (quoting *Haines v. Kerner (Haines)*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States (Bernard)*, 59 Fed.Cl. 497, 499 (2004), *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.2004) (Table).

■ The jurisdiction of the Court of Federal Claims is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). This court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Court of Federal Claims "does not have jurisdiction 'over tort actions against the United States.'" *Gimbernat v. United States (Gimbernat)*, 84 Fed.Cl. 350, 353 (2008) (quoting *Brown v. United States (Brown)*, 105 F.3d 621, 623 (Fed.Cir.1997)); *see also* 28 U.S.C. § 1491(a)(1) (conferring jurisdiction over claims for damages "not sounding in tort").

■ The Tucker Act provides the waiver of sovereign immunity necessary to sue the United States for money damages, but the plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute, or constitutional provision, in order for the case to proceed. *See United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). As stated by the United States Court of Appeals for the Federal Circuit (Federal Circuit), the alleged source of the substantive right to money damages must "be *reasonably amenable* to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be 'lightly inferred,' ... a *fair inference* will do." *Fisher v. United States*, 402 F.3d 1167, 1174 (Fed.Cir.2005) (en banc) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)) (omission in original).

IV.  Discussion

A.  Preliminary Screening Under 28 U.S.C. § 1915(e)(2)(B)(i)

■ Claims brought *in forma pauperis* are subject to preliminary screening. The reason for this is that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams (Neitzke)*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1915(e)(2)(B)(i) of title 28 of the United States Code bars claims brought pursuant to 28 U.S.C. § 1915 that are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez (Denton)*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Frivolous claims include those "describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328, 109 S.Ct. 1827. If the court finds that a claim brought pursuant to 28 U.S.C. § 1915 is "frivolous,"

then "the court shall dismiss the case." 28 U.S.C. § 1915(e)(2).

■ Here plaintiff's claims are factually frivolous. *See* Compl. ¶ 1 (claiming that the CIA and the FBI are using "fanatical women to further their goals" through "laser beam technology"); *Denton,* 504 U.S. at 33, 112 S.Ct. 1728 (noting that claims that are "irrational" or "wholly incredible" can be factually frivolous under 28 U.S.C. § 1915); *Neitzke,* 490 U.S. at 328, 109 S.Ct. 1827 (noting that "fantastic or delusional scenarios" can be factually frivolous under 28 U.S.C. § 1915). Accordingly, the court must dismiss plaintiff's Complaint.

### B. 28 U.S.C. § 1491(a) and RCFC 12(h)

Even if plaintiff's claims were not found to be factually frivolous, the court must dismiss plaintiff's Complaint under RCFC 12(h) because the court lacks subject-matter jurisdiction. "If the court finds that it lacks jurisdiction over the subject matter, it *must* dismiss the claim." *Matthews,* 72 Fed.Cl. at 278 (emphasis added); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)).

Plaintiff alleges that "zealot, fanatical women" employed by the CIA and the FBI are using "laser beam technology" against her. *See* Compl. ¶ 1. Plaintiff's claims appear to fall into three categories: (1) tort claims, (2) criminal claims, and (3) constitutional and civil and human rights claims. *See id.*

#### 1. Tort Claims

Plaintiff's claims for "defamation, physical injury, loss of degree, financial loss, ... [and] invasion of privacy" are tort claims. *See* Compl. ¶ 1; *Matthews,* 72 Fed.Cl. at 279 (finding that plaintiff's claims for defamation sound in tort). This court lacks jurisdiction over plaintiff's claims sounding in tort. *See*

28 U.S.C. § 1491(a)(1); *Gimbernat,* 84 Fed. Cl. at 353 (citing *Brown,* 105 F.3d at 623).

#### 2. Criminal Claims

■ Plaintiff's claims regarding the "use of [torturous] and inhumane equipment for such purposes as to commit[ ] the crimes of extortion, embezzlement, blackmail, invasion of privacy, injury, terrorist[ ] type threats, stalking, harassment, trafficking to include prescription drugs and rape by women, beatings, [and] murder" are criminal claims. *See* Compl. ¶ 1. This court lacks jurisdiction to adjudicate plaintiff's criminal claims. *See Matthews,* 72 Fed.Cl. at 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims); *see also Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir. 1994) (noting the "specific civil jurisdiction" of the Court of Federal Claims).

#### 3. Constitutional and Civil and Human Rights Claims

Plaintiff alleges "a complete violation of civil rights, constitutional rights, [and] human rights." Compl. ¶ 1. Plaintiff does not specify a money-mandating constitutional or statutory provision. *See* Compl. *passim.* As a general matter, complaints filed by pro se plaintiffs are held to " 'less stringent standards than formal pleadings drafted by lawyers.' " *Howard,* 74 Fed.Cl. at 678 (quoting *Haines,* 404 U.S. at 520, 92 S.Ct. 594). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard,* 59 Fed.Cl. at 499. Absent a money-mandating source, the court lacks jurisdiction to adjudicate plaintiff's constitutional and civil and human rights claims.

### C. Transfer

Although this court lacks jurisdiction to consider the merits of plaintiff's claims, the court considers whether it may transfer plaintiff's Complaint to another court.[3] *See Tex. Peanut Farmers v. United States,* 409

---

**3.** Despite the fact that plaintiff has not requested a transfer, the court notes that "the ... court [may] order[ ] transfer without being asked to do so by either party." *Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1375 (Fed.Cir.2005). The court here considers the possibility because plaintiff is proceeding pro se, *see Skillo v. United*

*States,* 68 Fed.Cl. 734, 743 n. 15 (2005) (considering *sua sponte* transfer of plaintiffs' claims), and because the language contained in the transfer statute "persuasively indicates that transfer, rather than dismissal, is the option of choice," *Britell v. United States,* 318 F.3d 70, 73 (1st Cir.2003) (citing 28 U.S.C. § 1631 (2006)).

F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction). Section 1631 of title 28 of the United States Code provides, "Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action." 28 U.S.C. § 1631 (2006) (emphasis added).

Transfer of plaintiff's claim would not be in the interest of justice because the claim is factually frivolous. Plaintiff's allegations that defendant is using "zealot, fanatical woman" to pursue her is wholly incredible. *See supra* Part IV.A. This court is not aware of any other court in which plaintiff's claims would survive the preliminary screening of 28 U.S.C. § 1915(e), requiring the court to dismiss the claim if it is factually frivolous. *See* 28 U.S.C. § 1915(e); *Denton,* 504 U.S. at 33, 112 S.Ct. 1728. Accordingly, the court declines to transfer plaintiff's claim.

V. Conclusion

Plaintiff's Application is GRANTED for the limited purpose of permitting the court to determine whether jurisdiction is proper. Plaintiff's claims are DISMISSED for lack of jurisdiction. Because plaintiff's claims are factually frivolous, the court declines to transfer plaintiff's claims. The Clerk of Court shall DISMISS the Complaint. No costs.

IT IS SO ORDERED.