# In the United States Court of Federal Claims

No. 12-272C
(Filed: January 4, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TREASA FENNIE,

               Plaintiff,

v.

THE UNITED STATES,

               Defendant,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, appearing *pro se*, filed her complaint on April 27, 2012, alleging a violation of "Civil, Privacy and Constitutional Rights." Compl. 1.[1] Defendant filed a motion to dismiss, asserting lack of subject matter jurisdiction. Plaintiff has not responded. Nevertheless, when "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). For the reasons contained herein, we grant the motion to dismiss.[2]

We hold *pro se* litigants to "less stringent standards," but this does not obviate the need to establish subject matter jurisdiction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding *pro se* complaints to "less stringent standards" than those drafted by lawyers); *see also Bernard v. United States*, 59 Fed. Cl. 497, 498 (Fed. Cl. 2004) (noting that jurisdictional requirements

---

[1] Plaintiff also filed a motion to proceed *in forma pauperis*. For the limited purpose of addressing jurisdiction, we grant plaintiff's motion.

[2] We would have dismissed the complaint even absent defendant's motion as the complaint's jurisdictional failings are patently evident.

must be met despite leniency). The Tucker Act represents the primary grant of jurisdiction to this court:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). "The Tucker Act, however, 'is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed Cir. 1998) (quoting *United States v. Testan*, 424 U.S. 392, 398 (1976)). "Thus, 'in order to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States.'" *Id.* at 580 (quoting *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995)).

There are few facts presented in the complaint. Plaintiff apparently became embroiled in a fair housing dispute with a housing provider in New Jersey. Although plaintiff alleges success in that context, her complaint could be read to challenge the administrative process. The complaint does not, however, clearly address whether the actors in that process acted as federal or state authorities. Defendant's motion to dismiss clarifies that certain of the named individuals are federal officials and others are state officials and private non-profit entities. In general, this court has no jurisdiction over claims against actors other than the federal government. *See Shalhoub v. United States*, 75 Fed. Cl. 584, 585 (2007). Further, even if plaintiff means to challenge federal administrative action, this court would not be the place to bring such a challenge. The Administrative Procedures Act, the primary avenue for challenging administrative processes, does not fall within this court's purview. *See Martinez v. United States*, 333 F.3d 1295, 1313 (Fed Cir. 2003). To the extent that the complaint could be construed to allege a violation of the Fair Housing Act, the Act directs litigants to district court, 42 U.S.C. § 3612(o)(1); § 3613 (2006), not this court.

The complaint alleges few other facts and offers little specificity as to how the plaintiff has suffered harm. It states that various actors have "violated Plaintiff's Civil, Privacy and Constitutional Rights." Compl 1. This court

does not have jurisdiction over civil rights claims, however. *See, e.g., Hernandez v. United States*, 93 Fed. Cl. 193, 198 (Fed. Cl. 2010) (stating that the Court of Federal Claims does not have jurisdiction over civil rights actions such as those brought pursuant to 42 U.S.C. § 1983). Plaintiff offers no specifics about how her privacy rights have been violated. We are not aware, in any event, of any privacy rights that can be vindicated against the United States in this court. As to her allegations of other unspecified constitutional rights violations, this court is not the proper forum to adjudicate privacy and due process rights. *See, e.g., James v. Caldera*, 159 F.3d at 581 (noting the well-established point that the Court of Federal Claims lacks jurisdiction over violations of due process and double jeopardy rights). This court could hear a claim for a taking under the Fifth Amendment, but plaintiff has not alleged facts which could sustain a takings claim.

The complaint also uses language indicative of a tort claim. For example, plaintiff claims the named actors "have conspired and subjects [sic] Plaintiff to Reprisal, Slander and Defamation of character." Compl 1. Plaintiff also cites several statutes forming part of the Tort Claims Act. Such allegations are misplaced in this court. We have no jurisdiction over tort claims. 28 U.S.C. § 1491(a) (granting jurisdiction "in cases not sounding in tort"); *Brown v. United States*, 105 F.3d at 623 (stating that the Court of Federal Claims "lacks jurisdiction over tort actions against the United States"); *see* 28 U.S.C. § 1346(b)(1) (2006) (granting district courts exclusive jurisdiction over claims against the United States brought pursuant to the Tort Claims Act).

For the reasons stated above, defendant's motion to dismiss is granted. The clerk of court is directed to dismiss the complaint without prejudice. No costs.

ERIC G. BRUGGINK
Judge

3