Latonya Chiree MOORE, Plaintiff,

v.

UNITED STATES, Defendant.

No. 10–357C.

United States Court of Federal Claims.

Sept. 10, 2010.

LaTonya Chiree Moore, Washington, D.C., pro se.

Russell A. Shultis, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., for the defendant. With him were Franklin E. White, Jr., Assistant Director, Jeanne E. Davidson, Director, and Tony West, Assistant Attorney General, Civil Division.

## OPINION

HORN, Judge.

### FINDINGS OF FACT

The plaintiff, LaTonya Chiree Moore, filed a complaint in this court on June 9, 2010, together with an application to proceed *in forma pauperis.* On July 16, 2010, the court granted Ms. Moore's application to proceed *in forma pauperis. See Moore v. United States,* 93 Fed.Cl. 411 (2010). Although the numerous, submitted filings sent in by plaintiff are hard to follow, the court has reviewed each submission carefully.

For purposes of its review, the court assumes plaintiff's claims to be against the United States.[1] All claims in the United States Court of Federal Claims must have "the United States designated as the party defendant...." Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2010); *see also* 28 U.S.C. § 1491(a)(1) (2006); *United States v. Sherwood,* 312 U.S. 584, 587–88, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (regarding the jurisdiction of a predecessor court to the United States Court of Federal Claims, the United States Supreme Court stated, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Eskridge Research Corp. v. United States,* 92 Fed.Cl. 88, 95 (2010) ("The United States is the only

---

1. In its motion to dismiss, the defendant correctly notes that "[t]he only proper defendant for any matter before this Court is the United States, not its officers, nor any other individual."

proper defendant before the Court of Federal Claims.").

Among many, repetitive allegations, Ms. Moore appears to allege that the federal government has been conducting a "cover-up" of various criminal and tortious actions by others against her and her three children. The complaint states that "[t]he Federal Government Keeps trying to cover-up their Computer System and the personal Attack on My 3 sons and I"[2] and "[w]ill not turn computer off." The complaint further states that "[i]t was called Government ordered Detection Service, they keep Hiding and using Room's (shelter,) cell phones computer's, stealing, set-up Murder."

According to plaintiff, "[w]e are homeless and the Violent Attacks started at 907 Larchmont ave Capitol Heights Md 20743. 7314–111 E Den Brook Dr. Columbia MD 21046, 244 N Brierwood dr. Apt. # 51, AlBany Georgia 31705, Tompkin's ave Reagency Club E7 AlBany Georgia 31705, Every where after and still." Plaintiff does not directly connect the personal attacks which she claims the federal government is "cover[ing] up," with any government employees. Rather, for example, plaintiff generally asserts that "[t]hey Attacked LaTonya Chiree Moore and 3 children, Started 1968 until Continuously Dos'well E. Brook's." Plaintiff, however, does name some individuals, families, and state law enforcement agencies and employees in her complaint. For example:

> Tucker family, William Small, Family Wali Brook's and Family, Paulette Smithe (Smithsonian Institute Washington D.C.) Latonia Camindirte, Tanya, Chiree may spell differently.... Gloria Peterson, Tanya Brown Alvin Child's and Family. Gussie, Celeste Salon Kenneth Rumph and Family. Prince George's County Police force, commissioner. Albany Georgia Police force, Howard County police and Courthouse Master's in Chancery Raum, Kramer.... Walnita Small, Burdell Dowdell,.... Fran Jone's.... Dos'well E. Brook's.

Although from the complaint and subsequent filings, it is unclear which of these people, if any, were responsible for the attacks on her or the three children, plaintiff details several attacks "they" allegedly committed:

> Stole personal Items clothes, shoe's furniture, Medical Record's, Insurance cards Columbia Medical Plan, Bank account, Law suit, credit, Money. Attempted Murder Broke in, Phoebe Hospital 4 floor threats violent force. Created Violent Record's for my family 3 children.... Took my Birth certificate .... set up My Family Murder, Mentally.... They were involved in Extortion, Bribes, Murder, Attempted Murder, Drugs, Theives, Human Trafficing Buying Selling of Humans. Tamper with court Documents child custody and Support. Social Services. Force me off my Jobs, housing, Phone's computer, Shelters, Motel, Hotel's, Kingdom Hall, they keep arranging attacks (Fran Jone's) Family. My own Family I reported too. Stole Music Broke CD's. My son Domonic Levelle Garrett writes And wrote Music They stole. College Information stolen. Murdered Bertha Ernisten Price (Elmunds). They have private investments and Travel East Coast, California, Albany Georgia is their Home; South Carolina. Attacked our Greyhound. Group cut my Purse's, took clothes.... They yell scream, used my head Like a Phone and infront of children.

Plaintiff's complaint is confused, but it appears that the plaintiff believes and alleges that the aforementioned people were responsible for the various attacks listed above and that the federal government is hiding or covering up the attacks.

As a result of the attacks, plaintiff alleges she sought help from numerous sources without success:

> Came here Seeking help justice Department. Contacted FBI, CIA, Secret Service, White House, Denied Legal Help, justice Marine Base ask for help, they were Police officers and Marine's. No ar-

---

**2.** Capitalizations of material quoted from plaintiff throughout this opinion are in original, as are grammatical errors and spelling errors, in part

due to the difficulty in reading plaintiff's handwritten complaint, especially with regard to names.

rest or Prosecution 2 went to Howard High School, Columbia MD.... Every time I try to go on the New's or file paper work in court They change Everything and take all personal Documents. Small Family Rob the Base and stole computers. They won't accept my Application to visit White House, I E–Mailed Oprah, Montel, They Blocked it out.

According to the plaintiff, after failed attempts to secure aid, plaintiff filed a complaint in this court.

Plaintiff also appears to assert violations of the United States Constitution and of her civil rights. In her complaint, however, plaintiff does not identify any specific section of the United States Constitution, or any federal statute for support. Plaintiff's complaint does not assert that she is entitled to relief, nor does she seek any remedy or a specific amount of money damages.[3] Subsequently, in a June 22, 2010 notice to the court, the plaintiff requested a protective order against "Ginger any MaTanya, Tucker, Small Family." In the same notice, plaintiff also requests "a hearing to discuss this reason for (G.O.D.computer) to be on my childhood." In response to plaintiff's filings, the defendant filed a motion to dismiss, pursuant to RCFC 12(b)(1). In her response to defendant's motion to dismiss, Ms. Moore asserted that she was entitled to damages in the amount of "$863 Billion Dollars."

**DISCUSSION**

■ When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66

L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court ... to create a claim which [plaintiff] has not spelled out in his [or her] pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States,* 93 Fed.Cl. 163, 165 (2010) (citing *Hughes v. Rowe,* 449 U.S. at 9, 101 S.Ct. 173 and *Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.2002) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence")).

■ "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte.*" *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed. Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *Thompson v. United States,* 88 Fed.Cl. 263, 266 (2009); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed. Cir.2001) (citing *Johannsen v. Pay Less*

---

**3.** The court notes that on the civil cover sheet which accompanied the complaint, plaintiff lists the "Bill of Rights Amds. I to X: Sex Discrimina-

tion" as the statute under which the plaintiff filed her complaint. On that document, plaintiff also lists her demand as "$450,000."

*Drug Stores Northwest, Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1343 (Fed.Cir. 2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

■ Pursuant to this court's rules and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed.R.Civ.P. 8(a)(1), (2) (2010). *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–57, 570, 127 S.Ct. 1955). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir.1997); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed.2004)); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

■ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576, 1580 (Fed.Cir.1997)), *cert. denied,* 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000).

■ The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Greenlee County, Ariz.*

*v. United States,* 487 F.3d 871, 875 (Fed. Cir.), *reh'g and reh'g en banc denied* (Fed. Cir.2007), *cert. denied,* 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States,* 168 F.3d 1310, 1314 (Fed. Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996).

 "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States...." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Radioshack Corp. v. United States,* 566 F.3d 1358, 1360 (Fed.Cir.2009); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must ... identify a substantive source of law that creates the right to recovery of money damages against the United States."). In *Ontario Power Generation, Inc. v. United States,* 369 F.3d 1298 (Fed.Cir.2004), the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types.... First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver.... Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." *Eastport S.S. [Corp. v. United States,* 178 Ct.Cl. 599,] 372 F.2d [1002,] 1007–08 [ (1967) ] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting *Clapp v. United States,* 127 Ct.Cl. 505, 117 F.Supp. 576, 580 (1954))).... Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." *Eastport S.S. [Corp. v. United States],* 372 F.2d at 1007. Claims in this third category, where no payment

has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Id.; see also [United States v.] Testan,* 424 U.S. [392,] 401–02, 96 S.Ct. 948, 47 L.Ed.2d 114 ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " (quoting *Eastport S.S. [Corp. v. United States],* 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

*Ontario Power Generation, Inc. v. United States,* 369 F.3d at 1301.

 To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell,* 463 U.S. at 217, 103 S.Ct. 2961 (quoting *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948 and *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)); *see also Hamlet v. United States,* 63 F.3d 1097, 1107 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.1995), *cert. denied,* 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996). "Additionally, the specific authority granting money relief must be distinct from the Tucker Act itself." *Cottrell v. United States,* 42 Fed.Cl. 144, 152 (1998). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir.

2005); *see also Doe v. United States*, 74 Fed.Cl. 794, 796 (2006).

■■■■ The defendant argues that "this court does not possess jurisdiction over Ms. Moore's claims sounding in tort and for civil rights violations." Ms. Moore's complaint, as noted above, broadly alleges conspiracy, falsifying documents and other tortious acts, without reference to a constitutional amendment or statute or any particular legal basis. The defendant correctly states that, "[t]his Court does not possess jurisdiction to entertain claims sounding in tort." The Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d at 1343; *Alves v. United States*, 133 F.3d 1454, 1459 (Fed.Cir. 1998); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir.1997); *Golden Pacific Bancorp v. United States*, 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Woodson v. United States*, 89 Fed.Cl. 640, 650 (2009); *McCullough v. United States*, 76 Fed.Cl. 1, 3 (2006), *appeal dismissed*, 236 Fed.Appx. 615 (Fed. Cir.), *reh'g denied* (Fed.Cir.), *cert. denied*, 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007); *Agee v. United States*, 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States*, 71 Fed.Cl. 732, 739, *aff'd*, 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed.Cir.2006). Therefore, this court does not have jurisdiction to hear Ms. Moore's claims sounding in tort.

■■■■ Ms. Moore also alleges civil rights violations, however, only on the cover page of the complaint, stating: "Constitutional Violations, Civil Right/Hates Crimes." Once again, as noted by the defendant, exclusive jurisdiction to hear civil rights claims resides in the federal district courts. *See* 28 U.S.C. § 1343 (2006); *see also Hernandez v. United States*, 93 Fed.Cl. 193, 198 (2010) (The Court of Federal Claims "does not have jurisdiction over claims arising under the Civil Rights Act [citing 42 U.S.C. § 1983], as jurisdiction over such claims resides exclusively in the federal district courts."); *McCullough v. United States*, 76 Fed.Cl. at 5, *Hanes v. United States*, 44 Fed.Cl. 441, 449 (1999), *aff'd*, 243 F.3d 562, 2000 WL 1477001 (Fed.Cir.), *reh'g denied* (Fed.Cir.2000); *Blassingame v. United States*, 33 Fed.Cl. 504, 505, *aff'd*, 73 F.3d 379, 1995 WL 723910 (Fed.Cir.1995), *reh'g denied* (Fed.Cir.), *cert. denied*, 517 U.S. 1237, 116 S.Ct. 1885, 135 L.Ed.2d 179 (1996). Therefore, this court does not have jurisdiction to hear any of plaintiff's allegations of civil rights violations.

■■■■ Defendant further argues "this court does not possess jurisdiction over Ms. Moore's claims regarding criminal violations." Ms. Moore makes numerous allegations of criminal activity, including "Violent Attacks" and "Attempted Murder." Ms. Moore alleges: "They were involved in Extortion, Bribes, Murder, Attempted Murder, Drugs, Theives, Human Trafficing Buying Selling of Humans." As with her claims of tortious acts and civil right violations, Ms. Moore does not cite to the United States Constitution or federal statutes for support. Regardless, as defendant notes, this court lacks jurisdiction to adjudicate criminal claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994); *Mendes v. United States*, 88 Fed.Cl. 759, 762 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), *appeal dismissed*, 375 Fed.Appx. 4 (Fed.Cir.2009); *McCullough v. United States*, 76 Fed.Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims).

■■■■ Defendant finally argues that this court does not possess jurisdiction to grant any of the additional relief sought by Ms. Moore. In her June 22, 2010 notice to the court, the plaintiff requested a protective order against "Ginger any MaTanya, Tucker, Small Family." As defendant correctly states, "[t]his Court lacks the authority to grant declaratory and/or injunctive relief absent a specific and express statute of Congress." The United States Supreme Court, in *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), conclud-

ed in reference to a predecessor court to this court, "[i]n the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments." *Id.* at 5, 89 S.Ct. 1501. More recently, in reference to this court, the United States Court of Appeals for the Federal Circuit in *Brown v. United States,* 105 F.3d 621, similarly concluded that an appellant's demand for declaratory or injunctive relief regarding alleged tortious acts by the government was "outside the jurisdiction of the Court of Federal Claims. The Tucker Act does not provide independent jurisdiction over such claims for equitable relief." *Id.* at 624; *see also Voisin v. United States,* 80 Fed.Cl. 164, 178 (2008) ("It is well-established that the Court of Federal Claims generally does not have the authority to entertain declaratory judgment requests."). Defendant argues that Ms. Moore has not identified any basis for the court to grant declaratory or injunctive relief, such as a bid protest, pursuant to 28 U.S.C. § 1491(b)(2). Indeed, once again, Ms. Moore has not cited to any statute, nor has she identified any express grant of jurisdiction from Congress which would permit the court to grant her a protective order against "Ginger any MaTanya, Tucker, Small Family."

In response to the defendant's motion to dismiss, Ms. Moore filed a response, which, as with her other filings, was difficult to follow and did not identify a specific basis of jurisdiction for this court to hear her claims. Instead, Ms. Moore asks, "where is the jurisdiction that will Prosecute and Protect my family. I was denied prosecution in Georgia, Maryland, Washington, DC after the Brutal attacks by the Federal local and State employees. That is a Federal Government Computer suppose to be used for the Government Defense." In her response to defendant's motion to dismiss, plaintiff also asks rhetorically, "Where was the constitution, Civil Rights, Bill of Rights." Throughout her pleadings, however, plaintiff has not cited to particular constitutional amendments, statutes or regulations that are money-mandating and which could provide jurisdiction in this court to adjudicate her allegations. *See United States v. Mitchell,* 463 U.S. at 217, 103 S.Ct. 2961; *see also Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States."). As summarized by the United States Court of Appeals for the Federal Circuit, "[i]f the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States,* 402 F.3d at 1173.

Finally, plaintiff seeks a hearing. Trial judges are typically given broad discretion to control and manage their dockets, including with respect to procedural matters. *See, e.g., Amado v. Microsoft Corp.,* 517 F.3d 1353, 1358 (Fed.Cir.2008) (citing *Nolan v. de Baca,* 603 F.2d 810, 812 (10th Cir.1979), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 814 (1980)); *Nutrinova Nutrition Specialties and Food Ingredients GmbH v. Int'l Trade Comm'n,* 224 F.3d 1356, 1360 (Fed.Cir.2000). "[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." *Geear v. Boulder Cnty. Hosp.,* 844 F.2d 764, 766 (10th Cir.), *cert. denied,* 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988); *see also Toquero v. I.N.S.,* 956 F.2d 193, 196 n. 4 (9th Cir.1992) ("It is well-settled that oral argument is not necessary to satisfy due process."); *Lake at Las Vegas Investors Group v. Pac. Malibu Dev. Corp.,* 933 F.2d 724, 729 (9th Cir.), *reh'g denied* (9th Cir.1991), *cert. denied,* 503 U.S. 920, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992) (Affirming the trial court and discussing that court's interpretation of a local District Court rule, finding no prejudicial error based on the denial of oral argument in a summary judgment motion because the party "had the opportunity to apprise the district court of any arguments it believed supported its position . . . ."); *see also, generally,* Beth Bates, Annotation, *Necessity of oral argument on motion for summary judgment or judgment on pleadings in federal*

*court,* 105 A.L.R. Fed. 755 (1991). Therefore, a trial court is not required to hold a hearing, but may do so if the court believes the hearing would assist the court to resolve the case. The decision to hold an oral argument is made in each case based on the filings in that particular case. The trial court has broad discretion regarding this decision. After reviewing each and every one of plaintiff's filings with this court, the court concludes that plaintiff and defendant have had sufficient opportunity to present their respective positions and that a hearing in this case is not required.

## CONCLUSION

Upon review of plaintiff's complaint, the plaintiff has alleged no claims within the jurisdiction of this court and has failed to state a claim upon which relief can be granted. Therefore, the court grants defendant's motion to dismiss and **DISMISSES** plaintiff's complaint, with prejudice. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**