NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LATONYA CHIREE MOORE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5007

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-357, Judge Marian Blank Horn.

---

Decided: May 10, 2011

---

LATONYA CHIREE MOORE, of Washington, DC, pro se.

RUSSELL A. SHULTIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before GAJARSA, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

Latonya Chiree Moore ("Moore") appeals pro se a decision of the United States Court of Federal Claims ("Claims Court") dismissing her complaint for lack of subject matter jurisdiction. *Moore v. United States*, 94 Fed. Cl. 456 (2010). We *affirm*.

## BACKGROUND

In a complaint filed on June 9, 2010, Moore alleged that she and her three children had been the victims of repeated violent assaults, extortion, theft, vandalism, and various other acts committed by a number of private individuals, state law enforcement agencies, and state officials and employees. Although Moore did not allege the federal government committed these acts, she believed the United States government failed to protect her from the abuse, conspired to "cover-up" the activities, and violated her constitutional and civil rights. She sought $863 billion in damages from the federal government and a protective order against her alleged perpetrators. The Claims Court dismissed for lack of subject matter jurisdiction and denied Moore's request for a hearing. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the jurisdiction of the Claims Court de novo. *Wheeler v. United States*, 11 F.3d 156, 158 (Fed. Cir. 1993). The Tucker Act excludes from the jurisdiction of the Claims Court (1) tort claims, (2) criminal claims, and (3) constitutional and civil actions that are not money-mandating. *See, e.g.*, 28 U.S.C. § 1491(a)(1) (conferring specific jurisdiction upon "claim[s] against the United States . . . not sounding in tort"); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (excluding crimi-

nal claims); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (requiring the substantive cause of action underlying a Tucker Act claim to be a "money-mandating constitutional provision, statute or regulation").

Here, Moore has not identified any claims that fall within the jurisdiction of the court. She alleges violent assault, extortion, and the failure of the federal government to protect her from abuse, but these claims all sound in tort. She also alleges attempted murder, theft, vandalism, and conspiracy, but these are all criminal complaints. Finally, she has not identified any constitutional provisions or civil statutes that create a right to monetary damages. Because Moore has failed to identify any basis for relief, the Claims Court did not err in dismissing her complaint.

The Claims Court was also not obligated to hold a hearing. Moore cites *Hale v. Secretary of Health and Human Services*, 22 Cl. Ct. 403, 405 (1991), and refers to a "violation of [Rules of the United States Claims Court (RUSCC)] Appendix G, Special Master Rule II.3(b) [and] RUSCC Appendix J, Special Master Rule II.8(b)." Appellant's Br. 1. She appears to suggest that the Claims Court should have granted a hearing, appointed an attorney, or otherwise applied the procedures related to special masters to her case. However, *Hale* and the special master procedures apply only to claims related to the National Vaccine Injury Compensation program. This is not a vaccine claim. The Claims Court thus did not abuse its discretion in refusing a hearing.

## AFFIRMED

### COSTS

No costs.